UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-CV-00181-FDW

| | |
|---|---|
| JOHN DOW HUNTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>Acting Commissioner of Social Security, )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff John Dow Hunter's Motion for Summary Judgment (Doc. No. 11) filed on October 2, 2017, and Defendant Acting Commissioner of Social Security Nancy A. Berryhill's ("Commissioner") Motion for Summary Judgment (Doc. No. 13) filed on November 29, 2017. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for Supplemental Social Security Income ("SSI").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiff's Motion For Summary Judgment; DENIES Defendant's Motion For Summary Judgment; and REMANDS the Commissioner's decision.

**I. BACKGROUND**

Plaintiff filed an application for disability benefits under Title XVI on June 20, 2013, alleging disability (Tr. 26, 122). After his application was denied initially and upon reconsideration (Tr. 153, 157), Plaintiff requested a hearing (Tr. 167). A hearing was held on December 4, 2015. (Tr. 26, 178). On January 7, 2016, the ALJ issued an unfavorable decision.

(Tr. 23). Plaintiff's request for review by the Appeals Council was denied on February 2, 2017. (Tr. 1).

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 20, 2013 and had severe impairments of degenerative disc disease, seizures, depression, anxiety, borderline intellectual functioning, and substance addition disorder (Tr. 28). The ALJ determined that none of these impairments nor any combination of the impairments meet or medically equal a per se disabled medical listing under 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 29). The ALJ then found that Plaintiff had the Residual Functional Capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 416.967(c), with the following limitations:

> The claimant is limited to occasional exposure to unprotected heights and moving mechanical parts. The claimant can never operate a motor vehicle. The claimant is limited to performing simple, routine tasks. The claimant is limited to frequent contact with supervisors, co-workers, and the general public. The claimant is limited to making simple, work-related decisions.

(Tr. 30-31). The vocational expert ("VE") testified that an individual with Plaintiff's RFC could perform his past relevant work as a doffer, DOT No. 689.686-022. (Tr. 34, 85-87). Additionally, in response to a hypothetical that factored in Plaintiff's age, education, work experience, and RFC, the VE testified that Plaintiff could perform jobs in the national economy and produced a list of a number of jobs that Plaintiff could perform with his limitations (Tr. 35). Thus, the ALJ concluded that Plaintiff was not disabled, as defined under the Social Security Act. (Tr. 35-36).

Plaintiff has exhausted all administrative remedies and now appeals pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff claims that the ALJ's decision should be reversed because the ALJ's decision (1) did not give a complete function-by-function analysis of Plaintiff's mental RFC and (2) did not explain why limitations were not included in the RFC.

2

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Courts do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step

process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence,"

4

> 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled, and the benefits application is denied. Id.

### III. ANALYSIS

On appeal, Plaintiff claims that the ALJ erred in the following ways: (1) failure to give a complete function-by-function analysis and explanation for the nonexertional mental functions associated with Plaintiff's mental impairments, and (2) failure to explain why limitations found in medical opinions to which the ALJ gave great weight were not included in the RFC. (Doc. No. 12). The Court agrees that, on the record before the Court, the "ALJ['s] fail[ure] to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record . . . frustrate[s] meaningful review," making remand appropriate in this case. Mascio, 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d. Cir. 2013)). Here, as in Mascio, "the ALJ

5

has determined what functions he believes [Plaintiff] can perform, but his opinion is sorely lacking in the analysis needed for [the Court] to review meaningfully those conclusions." Id. at 636-37.

When determining a claimant's RFC, an ALJ reviews all the relevant evidence of record, including medical determinable impairments that are not deemed severe, 20 C.F.R. § 404.1545 (a)(1)-(2), and analyzes the impact of the claimant's impairments on the claimant's work activity on a regular and continuing basis, 20 C.F.R. § 404.1545 (a)(4), (b)-(e); see also SSR 96-8p; Lewis, 858 F.3d at 862 (citing Mascio, 780 F.3d at 636). "[T]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Monroe, 826 F.3d at 189 (citations and internal quotation marks omitted); SSR 96-8p. However, a narrative discussion of functions that are irrelevant or uncontested is not necessary. See Mascio, 780 F.3d at 636 (holding that remand would be futile for the lack of a function-by-function analysis of irrelevant or uncontested functions).

The Commissioner contends that "Plaintiff has not cited to any evidence showing that he has additional limitations that should have been included in the RFC." (Doc. No. 14 at 10-11). However, Plaintiff's brief clearly points out the discrepancies between the evidence and the RFC. (Doc. No. 12). Here, the ALJ did not find merely that Plaintiff had moderate difficulties in social functioning and moderate difficulties with concentration, persistence, or pace at step three. (Tr. 29). The ALJ assigned great weight to the opinions of state agency psychological consultants Dr. Keith Noles and Dr. Steven Salmony that plaintiff "can sustain sufficient attention to complete simple, routine tasks for a *2 hour period at a non-production pace* and complete a normal workweek" and "may have some social interaction limitations, but can work in a setting with *minimal* social interaction requirements and only *casual* public contact." (Tr. 33 (emphasis

6

added); see also Tr. 117-18, 141). The ALJ stated he "assign[s] these opinions great weight, as it is consistent with the medical evidence of the record as a whole, and Dr. Noles and Dr. Salmony are familiar with our disability program." (Tr. 33). However, these limitations are not accounted for in the RFC, and the ALJ's narrative discussion does not explain their omission. The RFC only limited plaintiff to (1) "occasional exposure to unprotected heights and moving mechanical parts"; (2) "never operat[ing] a motor vehicle"; (3) "performing simple, routine tasks"; (4) "frequent contact with supervisors, co-workers, and the general public'"; and (5) "making simple, work-related decisions." (Tr. 31). As a result, the RFC does not contain any limitation concerning or relating to the limitations found by Dr. Noles and Dr. Salmony of "2 hour period at a non-production pace," "minimal social interaction," and "casual public contact," despite giving these opinions great weight. The narrative discussion also fails to adequately provide reasoning or supporting evidence for these omissions. Instead, the narrative discussion on mental impairments is limited to the following:

> Regarding the claimant's mental impairments, the claimant has not been to counseling for the past 2 to 3 years; although the claimant testified that he could not afford the treatment, he also testified that he has not looked into qualifying for any type of insurance program. Additionally, a review of the claimant's work history shows that the claimant worked only sporadically prior to the alleged onset date, which raises a question as to whether the claimant's continuing unemployment is actually due to medical impairments. Finally, [t]here is evidence that claimant has not been entirely compliant in taking prescribed medications, which suggests that the symptoms may not have been as limiting as the claimant has alleged in connection with this application.

(Tr. 33). Without further explanation, the Court is "left to guess about how the ALJ arrived at his conclusions," Mascio, 780 F.3d at 637, and cannot meaningfully review the ALJ's decision to determine if substantial evidence supports the ALJ's conclusion, see Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984) ("We cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant

7

evidence."); SSR 96-8p ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

The Commissioner then argues that even if further explanation was necessary, Plaintiff has not demonstrated any harm. (Doc. No. 14 at 11-12). However, the record does not support the Commissioner's view. The VE testified that if Plaintiff was "off task 15% of the time on an ongoing basis" on account of his symptoms of mental health, Plaintiff's past relevant work as a doffer and jobs in the national economy would not be available. (Tr. 88). Being off task 15% of a work day is substantially similar to the ability to "sustain sufficient attention to complete simple, routine tasks for a *2 hour period at a non-production pace*." Thus, the inclusion or non-inclusion of this limitation could be determinative of Plaintiff's disability. See generally Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989) (holding that a VE's testimony to an incomplete hypothetical cannot provide the basis for an ALJ's disability determination). Therefore, the Court agrees with Plaintiff that the decision must be remanded to address the omission of a limitation or explanation addressing Plaintiff's difficulties with concentration, persistence, or pace and social functioning in light of the conflicting evidence from the state agency psychological consultants, whose opinions were given great weight. Mascio, 780 F.3d at 636; Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013) (ordering remand where conflicting evidence on the record was not adequately explained). Upon remand, the ALJ should conduct a function-by-function analysis of all relevant functions, adequately explain the evidence that supports the RFC determination, and explain why opinions from medical sources that conflict with the RFC were not adopted. As the Court has determined that remand is required, the Court declines to consider any alleged errors not addressed herein.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is GRANTED in part and DENIED in part; the Commissioner's Motion (Doc. No. 15) is DENIED; and the ALJ's determination is REMANDED to the Commissioner for further proceedings consistent with this ORDER.

IT IS SO ORDERED.

Signed: December 21, 2017

Frank D. Whitney
Chief United States District Judge